IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRIENDFINDER, INC.,

    Plaintiff,

v.

SUCCESSFULMATCH.COM,

    Defendant.
                                      /

No. C 05-00518 JSW

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

This matter comes before the Court upon consideration of Defendant's motion to set aside default. Having considered the parties' pleadings, relevant legal authority, the record in this case, and good cause appearing, the Court GRANTS Defendant's motion.

The Court finds this matter suitable for disposition without oral argument and hereby VACATES the hearing date set for January 6, 2006 at 9:00 a.m. *See* N.D.Civ. L.R. 7-1(b). However, the Case Management Conference set for that date remains on calendar but shall be moved to the Court's regular case management calendar at 1:30 p.m.

**FACTUAL AND PROCEDURAL HISTORY**

On February 3, 2005, Plaintiff, Friendfinder.com, filed this action against Defendant Successfulmatch.com, alleging claims for trademark infringement, violation of Section 43(a) of the Lanham Act, trademark dilution, and cyberpiracy.

On March 14, 2005, Plaintiff filed its proof of service demonstrating that Defendant was purportedly served on March 7, 2005. Assuming service was proper, Defendant's responsive pleading would have been due on or about March 28, 2005.

1  On May 3, 2005, Defendant not having answered, Plaintiff filed a motion for entry of
2  default.  Default was entered on May 9, 2005.
3  On June 28, 2005, Plaintiff filed a request to continue the initial case management
4  conference indicating that Defendant had engaged counsel and that the parties were engaged in
5  settlement discussions.  Plaintiff asked for a continuance to allow the parties time to reach a
6  settlement or give Plaintiff time to file a motion for default judgment.
7  On July 6, 2005, the Court granted that request and continued the case management
8  conference until August 19, 2005.  On August 17, 2005, Defendant filed the instant motion.

## ANALYSIS

### A. Legal Standard.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside the entry of default."  The Court's discretion in determining whether to set aside the entry of default, as opposed to the entry of default judgment, is "especially broad." *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000).  In general, there is a strong preference for resolving cases on their merits. *See, e.g., TCI Group Life Ins. Plan v. Knoebber ("TCI")*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Factors that the Court may consider in determining whether a defendant has shown good cause to set aside a default are: whether the defendant's conduct was culpable; whether the defendant has a meritorious defense; or whether the plaintiff would be prejudiced by vacating the entry of default. *See, e.g., TCI*, 244 F.3d at 696 (considering vacating entry of default pursuant to Federal Rule of Civil Procedure 60(b), but noting that factors re "good cause" standard under Rule 55(c) are same).  Defendant bears the burden of establishing that these factors weigh in favor of vacating the default. *Id.*

### B. Defendant Has Demonstrated Good Cause to Vacate the Entry of Default.

#### 1. Defendant's conduct was not culpable.

A party's conduct can be considered culpable if he, or she, "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI*, 244 F.3d at 697 (emphasis in original).  In *TCI,* however, the Ninth Circuit has made clear that a lack of

"culpable conduct" is essentially the equivalent of excusable neglect. Thus, if the defaulting party comes forth with a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," his or her conduct is excusable, not culpable. *Id.* at 697-98; *see also id.* at 698 ("'culpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings'") (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989).)

Here, Defendant contends that service was improper. Defendant also contends that even if service was proper, it did not receive a copy of the summons and complaint until after the default had been entered. Specifically, Defendant contends that due to an apparent error, the package containing the summons and complaint was not forwarded to Jason Du, Defendant's President, while he was traveling overseas. (*See* Declaration of Jason Du ("Du Decl."), ¶¶ 9-12.) Defendant contends Mr. Du received the summons and complaint on May 25, 2005. Thereafter, Defendant retained counsel, and it is undisputed that the parties started to engage in settlement discussions. Indeed, Plaintiff requested a continuance of a case management conference for the purpose of allowing those discussions to continue, while apparently reserving the right to seek default judgment. (*See* Docket Nos. 11, 13.) Any delay between the time when Defendant learned of the Complaint and the filing of the motion to set aside default, appears to the Court to be due to the fact that the parties were engaged in settlement discussion. Without expressing any opinion on the validity of service, the Court does not find any evidence in the record that suggests Defendant intentionally failed to respond or otherwise intended to take advantage of Plaintiff, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

As such, the Court concludes that Defendant's conduct in failing to timely respond to the Complaint was not culpable.

**2.      Defendant has put forth sufficient evidence of a meritorious defense.**

With respect to the question of a meritorious defense, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be

3

1. contrary to the result achieved by the default." *Hawaii Carpenters Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (affirming denial of motion to set aside entry of default where there was no showing of meritorious defense). Defendant has submitted a proposed Answer and Counterclaims with his motion to set aside default. Further, Defendant contends that Plaintiff had knowledge of the allegedly infringing activities two years prior to filing this lawsuit. (Supp. Du Decl., ¶ 4 at 2:14-27.)[1] Thus, the Court cannot say that Defendant does not have a colorable defense to Plaintiff's claims of trademark infringement, unfair competition and cyberpiracy.

### 3. Plaintiff would not be prejudiced by vacating entry of default.

"To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI,* 244 F.3d at 701 (quoting *Falk,* 739 F.2d at 463). For example, a court could find prejudice if there was a loss of evidence or increased difficulties in obtaining discovery. *Id.* Plaintiff contends that it will be more difficult to obtain discovery because Defendant operates in China. Plaintiff does not suggest that discovery has been lost. Assuming *arguendo* that Plaintiff would be required to obtain foreign discovery, Plaintiff would have faced the same impediment if default had not been entered. Given the early stages of this litigation and the strong preference for resolving cases on their merits, the Court finds that no prejudice would result from vacating the entry of default.

Accordingly, the Court finds good cause to vacate the entry of default and GRANTS Defendant's motion. The Court encourages the parties to continue their efforts to resolve this matter voluntarily.

**IT IS SO ORDERED.**

Dated: November 7, 2005

*Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed objections to Defendant's evidence, but does not object to these portions of paragraph 4.

4